**Miguel Angel Herrera RODRIGUEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–71899.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 8, 2006.

L. Allan Martin, Los Angeles, CA, for Petitioner.

CAC–District Counsel, ESQ., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Mark L. Gross, ESQ., DOJ—U.S. Department of Justice, Civil Rights Division/Appellate Section, Christopher N. Cheng, Washington, DC, for Respondent.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

MEMORANDUM **

Miguel Angel Herrera Rodriguez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming, without opinion, an immigration judge's ("IJ") or-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

**632**

der denying Herrera Rodriguez's applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. Reviewing for substantial evidence, *Ochoa v. Gonzales*, 406 F.3d 1166, 1169 (9th Cir.2005), we deny the petition for review in part and dismiss it in part.

Herrera Rodriguez testified that in 1992 guerrillas forced him to take them to a farm where Herrera Rodriguez's father worked because the guerrillas wanted to kill the farm's administrator. Herrera Rodriguez also testified that the guerrillas told him they knew his family before letting him go free, and that his father later received a letter threatening them both to keep quiet. Contrary to Herrera Rodriguez's contention, neither his testimony nor any other evidence in the record compels the conclusion that he was or would be targeted by guerrillas on account of a statutorily protected ground. *See id.* at 1171–72. Consequently, substantial evidence supports the IJ's determination that Herrera Rodriguez is not eligible for asylum or withholding of removal. *See id.* at 1172.

In light of this holding, we need not reach Herrera Rodriguez's remaining contentions.

We lack jurisdiction to review the denial of CAT relief because Herrera Rodriguez failed to raise that issue before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir.2004) (court lacks jurisdiction to review claims not exhausted in administrative proceedings).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

